**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ROBIN REID** **PLAINTIFF**

**v.** **Case No. 4:26-cv-00642-LPR**

**JOE BRADLEY** **DEFENDANT**

**ORDER**

Before the Court is Defendant's Motion to Dismiss.[1] Defendant's frontline argument for dismissal is that the Court lacks jurisdiction over this case.[2] Federal courts have limited jurisdiction.[3] That limited jurisdiction may be primarily established in two ways: through diversity jurisdiction or federal-question jurisdiction.[4] In this case, Plaintiff has established neither.

Plaintiff admits that she and Defendant are both citizens of Arkansas.[5] That precludes diversity jurisdiction.[6] And the Complaint does not—on its face—identify any federal claims.[7]

[1] *See* Doc. 3.

[2] *See* Def.'s Br. in Supp. of Mot. to Dismiss (Doc. 4) at 1–2.

[3] *Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." (internal quotation marks omitted) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994))).

[4] *See* 28 U.S.C. § 1332 ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ."); 28 U.S.C. § 1331 ("[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

[5] *See* Pl.'s Resp. to Def.'s Mot. to Dismiss (Doc. 7) ¶ 2.

[6] *See Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th 629, 634 (8th Cir. 2022) ("[F]ederal courts lack diversity jurisdiction if any plaintiff is a citizen of the same state as any defendant." (citing *Halsey v. Townsend Corp. of Ind.*, 20 F.4th 1222, 1226 (8th Cir. 2021))).

[7] *See* Doc. 1.

That normally precludes federal-question jurisdiction.[8] In the usual case, that would be the end of the matter; the Court would be required to dismiss the case without further analysis.[9]

But there is a slight wrinkle here. Because Plaintiff is *pro se*, the Court is required to liberally construe the Complaint. That means the Court must assess whether Plaintiff's fact allegations plausibly allege any federal claim regardless of whether Plaintiff has expressly identified such a claim.[10] And having undertaken this exercise, the Court concludes that Plaintiff's only theoretically potential federal claim is for a violation of the Health Insurance Portability and Accountability Act.[11] As Defendant correctly points out, however, there is no private right of action under HIPAA.[12] So there's no viable HIPAA claim here.

That brings us back to where we started. Plaintiff has no viable federal claims to support federal-question jurisdiction. And, as noted above, the parties do not have the requisite diversity to support diversity jurisdiction. The Court therefore lacks jurisdiction and must dismiss the case.[13]

---

[8] *Cf. Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction.").

[9] *See supra* note 3.

[10] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[] . . . ." (internal quotation marks and citations omitted)). Although a court should not invent fact allegations for a plaintiff or indulge in pro-plaintiff speculation based on the allegations in the Complaint, a court is duty-bound to consider whether the facts actually pled form the basis of any viable legal claim. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004))).

[11] *See* 42 U.S.C. §§ 1320d–1320d–9.

[12] *See* Def.'s Br. in Supp. of Mot. to Dismiss (Doc. 4) at 2 n.1 (citing *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010))).

[13] The Court acknowledges that there is a second way to think about all this. Because the private-right-of-action question is nearly always a merits question as opposed to a jurisdictional one, *see Arkansas State Conf. NAACP v. Arkansas Bd. of Apportionment*, 86 F.4th 1204, 1217 (8th Cir. 2023), the better view might be that the theoretical HIPAA claim discussed above actually does provide a basis for federal-question jurisdiction. Even if the Court were to indulge that view, however, the end result would be dismissal of all claims anyway. The lack of a private right of action would lead to dismissal of the only federal claim (the HIPAA claim). And the Court would decline to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367; *Crest Const. II, Inc. v. Doe*, 660

Defendant's Motion to Dismiss (Doc. 3) is GRANTED. All claims are dismissed without prejudice.

IT IS SO ORDERED this 12th day of August 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

F.3d 346, 359 (8th Cir. 2011) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009))).

Furthermore, it is not entirely clear that, in the circumstances of this case, the private-right-of-action question is a merits one. It may be that prior HIPAA-private-right-of-action caselaw and the statute place the question so beyond doubt as to make this one of those rare times that a private-right-of-action question is treated as a jurisdictional question. *See Arkansas State Conf. NAACP*, 86 F.4th at 1217 ("[T]he absence of a federal cause of action has jurisdictional consequences. . . . but only when the claim is so '*obviously* doomed to fail' that there is no 'substantial question of federal law.'" (emphasis in original) (quoting *Cross v. Fox*, 23 F.4th 797, 801 (8th Cir. 2022))).